1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LEWIS FORBES, et al.,                    No. CIV S-07-0703-FCD-CMK-P

12            Plaintiffs,

13        vs.                                  FINDINGS AND RECOMMENDATIONS

14    SACRAMENTO POLICE
      DEPARTMENT, et al.,

15
              Defendants.
16
      _____/
17

18            Plaintiff Lewis Forbes, a state prisoner proceeding pro se, brings this civil rights

19    action pursuant to 42 U.S.C. § 1983.  Co-plaintiff Sarah Rochon, plaintiff Forbes' wife, is not

20    incarcerated.  Pending before the court is plaintiffs' complaint (Doc. 1).

21            The court is required to screen complaints brought by prisoners seeking relief

22    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

23    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

26    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

                                            1

1   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

2   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

3   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are

4   satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

5   upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff

6   must allege with at least some degree of particularity overt acts by specific defendants which

7   support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it

8   is impossible for the court to conduct the screening required by law when the allegations are

9   vague and conclusory.

10           In the complaint, plaintiffs allege improper interrogation by police officers

11   incident to plaintiff Forbes' arrest on January 6, 2007.  Specifically, plaintiffs allege:

12           On 1-6-07 I (Lewis Forbes) stopped by to visit my wife Sarah Rochen.  I
             was in the shower when Sacramento Police came to the door.  I got out of
13           the bathroom and two Sacramento police officers rushed me and placed
             me under arrest.  Officer[s] Coopwood and Harshbarger began to question
14           my wife Sarah.  I told her not to talk to them.  Officer Coopwood told me
             to "shut up or I'll arrest Sarah's son Matthew Castellanos (who is on
15           parole)."  I told him he has nothing to do with this issue.  Coopwood again
             attempted [to] question Sarah again.  I told her to get a lawyer, that you do
16           not have to talk to them.  Sarah then told officers Coopwood and
             Harshbarger that "I want a lawyer, I would feel more comfortable if I had
17           a lawyer present."  Then Officer Coopwood said to her "You don't need
             no lawyer, we just need to ask you a few questions and we will be done
18           here!"  I said "Get a lawyer.  Don't talk to them!"  Then Officer
             Coopwood directed Officer Harshbarger to "Get him out of here!"  I was
19           then escorted to the patrol car.  While I was being escorted out, I noticed
             Officer Coopwood attempt to question Sarah again, with deliberate
20           indifference.

21   Plaintiffs seek monetary damages and an order "to fire the officers involved or charge them

22   criminally."

23           The gravamen of plaintiffs' complaint is that the officers engaged in improper

24   custodial interrogation, in violation of Miranda v. Arizona.  Specifically, plaintiffs seem to assert

25   that the officers should not have attempted to interrogate plaintiff Rochon because she demanded

26   to have an attorney present.  However, according to the allegations in the complaint, plaintiff

2

1  Rochon was never in custody.  The only person in custody was plaintiff Forbes.  Therefore, the

2  Miranda rule regarding custodial interrogation does not apply as to plaintiff Rochon.  Further,

3  there is no allegation in the complaint that plaintiff Forbes was subject to custodial interrogation

4  following a request to have an attorney present.  Put simply, the complaint does not state a

5  constitutional violation as to either plaintiff.

6          Because it does not appear possible that the deficiencies identified herein can be

7  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

8  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

9          Based on the foregoing, the undersigned recommends that this action be

10  dismissed.

11          These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  Failure to file objections within the specified time may waive

16  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  DATED:  May 23, 2007.

19

20  _____
    **CRAIG M. KELLISON**
21  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

3